STATE, EX REL. WILL W. CRANDALL, APPELLANT, V. E. C. EICKHOFF ET AL., APPELLEES.

FILED OCTOBER 2, 1915. No. 18973.

Highways: BRIDGES: CONSTRUCTION: "STREAM." A stream of running water flowing between well-defined banks across a public road, and of sufficient width and depth to require the construction of a bridge on such road, is a "stream," within the meaning of section 3060, Rev. St. 1913.

APPEAL from the district court for Knox county: ANSON A. WELCH, JUDGE. *Reversed with directions.*

*F. L. Bollen* and *J. C. Robinson,* for appellant.

*P. H. Peterson, contra.*

FAWCETT, J.

This is an action in mandamus to compel the respondents, who are supervisors of Knox county, to construct and maintain a bridge over a stream of water on a public highway in the township of Herrick, in that county. On a hearing to the court, the action was dismissed at relator's costs. Relator appeals.

The action is based upon the following sections of the Revised Statutes, 1913:

"3060. In counties under township organization the expense of building, maintaining and repairing bridges on public roads over streams shall be borne exclusively by the county within which such bridges are located.

"3061. The county board of every such county shall build, maintain and repair every such bridge, and make prompt and adequate provision for the payment of the expense thereof."

That the road in question is a public road is conceded. The only disputed question, therefore, is as to whether the watercourse in controversy is a "stream," within the meaning of the statute. The evidence shows that the stream has its source in flowing springs located about 80

to 100 rods above the bridge; that in ordinary flood times
it drains more than a section of land. The testimony
varies as to its width and depth. One witness testified
that the stream of water is about 11 feet wide and of an
average depth of 3 or 4 inches; that the distance between
the approaches, where the old bridge was, is 16 feet, and
to the bottom of the stream 4½ feet. Another witness
testified that it is 16 feet from bank to bank where the old
bridge went out, and the water level is about 10 or 11 feet
wide. Another gives the width as 11 feet, and the depth
of the water 2 or 3 inches. The man who built the old
bridge testified that the water is from 4 to 6 inches deep,
and about 5 feet wide; that, in building it, he used eight-
foot cedar posts, driven down, with 4x8 stringers nailed
on each side, three-inch plank on top, and 10 feet wide.
One witness testified that the old bridge was not large
enough to accommodate the water at all times; that it
should have been 20 feet wide, and about 3 feet higher,
in order to carry the water in an ordinary rain. Another
witness testified that, to put in a proper bridge, 20-foot
piling should be driven down to about 6 feet and the bridge
fastened to it; that a five-foot culvert would not do at
times. There is no controversy over the fact that there is
a continuous flow of water in the stream at all seasons
of the year, both winter and summer, and that this has
been true for 30 years or more.

A stream is defined in the Century Dictionary: "A
course of running water; a river, rivulet, or brook." This
definition was approved in *County of Dodge v. County
of Saunders,* 70 Neb. 451. In 36 Cyc. 1334, it is said that
the word "stream" has a well-defined meaning. Among
these meanings given by the author is: "A current of
water; a body of water having a continuous flow in one
direction." In *Trustees of Schools v. Schroll,* 120 Ill. 509,
521, it is said: "The word 'stream' has a well-defined
meaning, wholly inconsistent with a body of water at rest.
*   *   *   And this is so, independent of the size of the
one or the other. The flowing rivulet of but a few inches in
width is a stream as certainly as the Mississippi."

State, ex rel. Crandall, v. Eickhoff.

We are unable to see how we can give any other meaning to the word as used by the legislature in the act above quoted, without resorting to a forced construction of the language used. The statute in question was enacted by the legislature in 1887. Laws 1887, ch. 72. Prior to that time the law relating to the construction of bridges over streams in counties under township organization required such bridges to be constructed by the township in which the bridge was located, while in counties not under township organization the county was required to construct them. There being no just reason for any such distinction, the act in question was passed. The evident intention of the legislature was to require counties to provide the means of crossing all streams which would require the construction of a bridge. The justice of such a law cannot be questioned. A bridge, being in its very nature a substantial and permanent structure, which would necessarily cost a considerable sum of money, should be built by the county. We see no good reason why a township should be required to build an expensive bridge on a public road which is in general use, not by the township alone, but by the county generally. The evidence fully shows that the watercourse in controversy is a stream, within the meaning of the law and the intention of the lawmakers. The cost, therefore, of spanning it with a suitable bridge should be borne by the county.

The judgment of the district court is therefore reversed and the cause remanded, with directions to enter judgment in accordance with the prayer of the relator.

REVERSED.

HAMER, J., not sitting.